J-S73015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANNY CANDELARIO, | |
| Appellant | No. 2208 MDA 2013 |

Appeal from the Judgment of Sentence October 30, 2013
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001876-2010

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 09, 2015**

Danny Candelario appeals from his October 30, 2013 judgment of sentence of six months imprisonment, which was imposed after he was held in contempt for failure to pay fines and costs in connection with his July 15, 2010 guilty plea to disorderly conduct and resisting arrest.  Appellant claims that the contempt finding and six-month sentence for non-payment of fines constituted an abuse of discretion where he was unrepresented by counsel at the hearing and unable to pay.  We affirm in part and reverse in part.

On December 13, 2010, after pleading guilty to disorderly conduct and resisting arrest, Appellant was sentenced to ten months to thirty-six months imprisonment, together with costs and fines.  While Appellant was serving the sentence on work release, he was charged with misdemeanor escape on February 13, 2012.  As a result, he was returned to jail.

On December 13, 2011, while on work release, Appellant received the first of six delinquency notices for failure to pay fines and costs. A detainer was placed on Appellant on April 29, 2013. By correspondence dated July 3, 2013, Appellant asked the court to lift the bench warrant for unpaid fines and costs and enter an order granting him time served on the fines and costs. A hearing was held on October 30, 2013 to address Appellant's *pro se* request that the detainer on the fines and costs be lifted.

At the hearing, Attorney Cathy Tully of the public defender's office appeared on behalf of Appellant. Counsel informed the court that she was unsure whether she should be representing Appellant since he had chosen to use other counsel in another pending criminal case. N.T., 10/30/13, at 2. The trial court did not acknowledge Ms. Tully's concern, Appellant did not voice any objection to her representation, and Ms. Tully did not seek permission to withdraw.

There was no dispute that Appellant had not paid the outstanding fines and costs. Appellant asked the court why a bench warrant was issued when he had served his maximum sentence. *Id*. at 3. He expressed his understanding that the fines and costs were forgiven when the maximum sentence was served. The trial court informed Appellant that the fine and costs remain owing as long as they are unpaid. *Id*. The court asked Appellant if he had the ability to pay the fines and costs "right now," to which Appellant responded in the negative. Appellant acknowledged that he

was not eligible for the work release program due to his pending misdemeanor escape charge. The trial court then held Appellant in contempt for nonpayment of fines and costs totaling $812, and sentenced him to six months incarceration. However, the trial court stayed the sentence on the condition that, commencing thirty days after his release from prison, Appellant make monthly payments of fifty dollars until the balance was paid in full. The court also ordered that the detainer be lifted.

Appellant filed a *pro se* notice of appeal on December 5, 2013.[1] On December 16, 2013, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of issues complained of on appeal. After receipt of Appellant's *pro se* notice of appeal, this Court ordered the trial court to conduct an on the record inquiry to determine if Appellant desired counsel on appeal, and if so, to appoint counsel for that purpose. On January 28, 2014, after determining that Appellant wished to have counsel appointed, the trial court appointed Robert Buttner, Esquire, as appellate counsel. Counsel filed a motion seeking permission to file a Rule 1925(b) concise statement *nunc pro tunc* on April 9, 2014, which the trial court granted. The trial court filed an amended Rule 1925(a) opinion. Appellant identified four issues, only two of which he argues on appeal:

---

[1] The notice of appeal was dated November 20, 2013, mailed on November 22, 2013, and filed by the trial court on December 3, 2013. The Commonwealth does not argue that the within appeal was untimely filed, presumably because it was timely under the prisoner mailbox rule.

1) The trial court erred or abused its discretion in finding the Defendant in contempt and imposing a sentence of incarceration without first appointing counsel to represent the Defendant.

2) The trial court erred or abused its discretion by finding the Defendant in contempt and imposing a sentence for non-payment of fines where the Defendant was indigent and without the ability to pay.

Appellant's brief at i.

When a contempt conviction is challenged on appeal, the trial court's ruling should not be disturbed unless there has been an abuse of discretion. ***Commonwealth v. Baker***, 766 A.2d 328, 331 (Pa. 2001). An abuse of discretion is not simply an error of judgment. The trial court must override or misapply the law, or the evidentiary record must show the judgment exercised by the trial court is manifestly unreasonable or lacking in reason. ***Id.*** The Pennsylvania Supreme Court has described this standard as follows:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Bowden***, 838 A.2d 740, 761 (Pa. 2003).

Appellant claims that the trial court erred when it held a hearing in which he was subject to a sentence of incarceration, without first appointing counsel to represent him. Appellant points out that, after Ms. Tully informed

- 4 -

the court that she was unsure of her ability to represent Appellant, the trial court did not inquire whether she would continue to represent Appellant, nor ask Appellant if he wished to have counsel. Appellant maintains that he did not have the benefit of counsel at the fines and costs hearing because Ms. Tully did not make any arguments on his behalf, did not oppose the imposition of indirect criminal contempt, and did not represent his interests.

In support of his claim of trial court error, Appellant relies on **Commonwealth v. Crawford**, 352 A.2d 52, 54 (Pa. 1976). Therein, the defendant was summarily convicted of direct criminal contempt and sentenced to six months imprisonment for refusing to testify for the Commonwealth in a murder trial. On appeal, the defendant contended that he was entitled to counsel despite the summary nature of the proceedings. Our Supreme Court agreed, holding that an individual has an absolute right to counsel, and may not be tried for any offense that would make him subject to imprisonment without assistance of counsel or a knowing and intelligent waiver of that right.

Appellant further argues that the fact that his sentence was stayed as long as he made monthly payments has no bearing on his right to counsel. Relying upon **Alabama v. Shelton**, 535 U.S. 654, 658 (2002), Appellant argues that a suspended sentence that may eventually lead to the deprivation of a person's liberty may not be imposed unless the defendant has the benefit of counsel. Furthermore, although he was unquestionably

indigent at the time of the trial and entitled to the appointment of counsel, Ms. Tully failed to advance any arguments on his behalf. Thus, he contends that his contempt conviction is infirm. Appellant's brief at 9.

The Commonwealth agrees that Appellant was entitled to counsel, but contends that Appellant was represented by Ms. Tully from the public defender's office. While the trial court did address Appellant directly for a moment, it maintains that this is common practice. Commonwealth's brief at 2. Since Appellant did not advise the court that he wished to have new counsel appointed, and Ms. Tully participated in the hearing, the Commonwealth maintains that the inference to be drawn is that Ms. Tully was representing Appellant at this hearing. *Id*. at 3. Furthermore, the fact that Appellant was represented by different counsel on the escape charge did not preclude Ms. Tully from representing Appellant at the fines and costs hearing.

The trial court maintained that Appellant was represented at the fines and costs hearing by public defender Cathy Tully. Trial Court Opinion, 4/24/14, at 2. The transcript of the fines and costs hearing of October 30, 2013, confirms that Ms. Tully was in attendance, she was familiar with Appellant's circumstances, and she addressed the trial court on Appellant's behalf multiple times during the brief hearing. The trial court did not

terminate her services, nor did Appellant object to her representation.[2]

While Appellant is correct that he had a right to counsel at the summary proceeding, we find that he was afforded counsel, and hence, his reliance on **Crawford** is misplaced.

Next, Appellant argues that the trial court erred or abused its discretion when it held Appellant in contempt and imposed a prison sentence for non-payment of fines where the defendant was indigent and without ability to pay. He relies upon Pa.R.Crim.P. 706(a), which provides:

> A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

Pa.R.Crim.P. 706(a). Appellant argues that 42 Pa.C.S. § 9772, which provides the following, precludes a finding of contempt in such circumstances:

> Unless there is proof that failure to pay a fine or that portion of the fine is excusable, the court may after a hearing find the defendant guilty of contempt and sentence him to not more than six months imprisonment, if a term of confinement of that amount could have been imposed for the offense charged. If an alternative sentence has been imposed under 9758(c) (relating to alternative sentence), the alternative sentence may not take effect until there has been a preliminary finding of non-indigency, and a willful failure to pay the fine.

---

[2] The record confirms that Appellant was familiar with the steps necessary to retain or terminate counsel. Appellant retained Attorney Kevin Fitzgerald to represent him on the disorderly conduct and resisting arrest charges. Appellant terminated Mr. Fitzgerald via correspondence dated December 28, 2010, and Mr. Fitzgerald sought and obtained permission to withdraw. Appellant subsequently was represented by the public defender's office.

42 Pa.C.S. § 9772.

Appellant contends first that, since he was incarcerated and ineligible for work release, he was indigent. Thus, his failure to pay within the meaning of § 9772 was excusable, not willful. Appellant maintains that the statute requires a "willful failure to pay the fine" before contempt may be found. Appellant's brief at 10. He interprets this statute as evidencing legislative intent to ensure that a person who does not have the ability to pay will not be found in contempt and subject to sentencing. *Id*. Appellant concludes his argument by noting that while it was appropriate for the trial court to impose an installment plan, based on the record, it was improper to find him in contempt. *Id*.

The Commonwealth agrees that the applicable statute is 42 Pa.C.S. § 9772, but focuses on the "alternative sentence" provision, which is set forth in 42 Pa.C.S. § 9758(c). That subsection provides, "The sentence of the court may include an alternative sentence in the event of nonpayment." The Commonwealth urges us to treat the stayed six-month sentence of imprisonment as an alternative sentence under the latter provision. According to the Commonwealth, only if that alternative sentence takes effect will a court be required to find a "willful failure to pay the fine." Commonwealth's brief at 5. Thus, should Appellant be released and later default, the Commonwealth maintains that he would be entitled to another hearing before he would be required to serve his sentence.

The Commonwealth contends that the purpose of this hearing was to determine Appellant's ability to pay the costs and fines. It points out that Appellant did not make payments on the fines and costs while he was in the work release program and earning wages. Commonwealth's brief at 4. The Commonwealth argues that Appellant's failure to pay was not excusable, and that the trial court acted appropriately in establishing this payment plan.

The trial court determined that since Appellant's escape disqualified him from eligibility for the work program, he did not have the ability to pay while incarcerated. It justified the payment plan, which would take effect upon Appellant's release from prison, pursuant to Pa.R.Crim.P. 706(B). That rule provides:

> When a court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose.

Pa.R.Crim.P. 706(B).

This Court agrees that the trial court lawfully could impose a payment plan after it determined that Appellant was unable to pay the fines and costs while incarcerated. More problematic is the contempt conviction. Appellant was not apprised that the purpose of the hearing was to determine whether he should be held in contempt. Moreover, prior to holding Appellant in contempt, the trial court made no express finding that his failure to pay was

willful.  Although the Commonwealth offers a possible justification for the imposition of contempt, *i.e.*, that Appellant failed to make payments while he was on work release, no such evidence was adduced at the hearing.  Nor does the trial court offer this as a basis for its contempt finding.  Furthermore, we find unpersuasive the Commonwealth's argument that the court need not find a willful failure to pay before holding an individual in contempt, or that the six-month sentence of imprisonment was an alternative sentence and that Appellant would receive a hearing to determine willful failure to pay before he would be subject to imprisonment.  *Id*. at 5.

Appellant requested this hearing.  It was ostensibly a fines and costs hearing.  42 Pa.C.S. § 9772.  Appellant established a present inability to pay.  We find no abuse of discretion in permitting Appellant to make payments in monthly installments upon his release.  However, we find no factual basis in the record to support the contempt finding, and therefore, we reverse that conviction.  Should Appellant later default despite a finding that he has the ability to pay fines or costs, we see no impediment to sending the account to a private collection agency or the Commonwealth seeking imposition of contempt and imposition of imprisonment at that time.  42 Pa.C.S. § 9772.

Judgment of sentence for contempt reversed.  All other aspects affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/9/2015